IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLUWASHINA KAZEEM AHMED-AL-KHALIFA,
    Plaintiff,

vs.                                                    CASE NO: 5:13cv103/RS/CJK

QUEEN ELIZABETH II, et al.,
    Defendant.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's complaint (doc. 1), motion for leave to proceed in forma pauperis (doc. 2), and motion to appoint counsel (doc. 3).

Plaintiff names fifty-six defendants in this action, ranging from the elected leaders of many countries to multinational corporations.[1] (Doc. 1, pp. 1-3). Plaintiff,

---

[1] 1) Queen Elizabeth II, 2) Queen of the Netherlands Beatrix Wilhemia Armgard, 3) Former Prime Minister of the United Kingdom Margaret Thatcher, 4) Prime Minister of the United Kingdom David Cameron, 5) Prime Minister of Israel Benjamin Netanyahu, 6) Prime Minister of Canada Stephen Harper, 7) President of France Francois Gerard Georges, 8) Prime Minister of Italy Mario Monti, 9) Prime Minister of Belgium Elio Di Rupo, 10) Prime Minister of Taiwan Chan Chun, 11) Chancellor of Germany Angela Merkel, 12) President of Iran Mahmoud Ahmadinejad, 13) President of Iraq Jalal Talabani, 14) President of Switzerland Ullrich Ueli Maurer, 15) King of Jordan Abdulla II Ibn Al-Hussein, 16) King of Saudi Arabia Abdul-Aziz Abdullah, 17) Prime Minister of Japan Shinzo Abe, 18) Prime Minister of Namibia Nahas Gideon Angula, 19) President of Botswana Lt. General Seretse Khama Ian Khama, 20) President of Mozambique Armando Emilio Guebuza, 21) President of Kenya Emilio Mwai Kibaki, 22) Prime Minister of Turkey Recep Tayyip Erdogan, 23) Prime Minister of Spain Mariano Rajoy Brey, 24) President of Brazil Dilma Vana Rousseff, 25) President of the United States of America Barack Obama, 26) Alcatel-Lucent, 27) Sasol Petroleum International, 28) Sandrock Austral, 29) Imperial Chemical Industries, 30) African Explosives and Chemical Industries, 31) De Beers, 32) British Leyland Motor Corporation Ltd, 33) Barclays National Bank, 34) British Petroleum, 35) Caltex Petroleum, 36) Cementation Engineering, 37) Citigroup Inc, 38) Commerzbank, 39) Credit Suisse, 40) Daimler Chrysler, 41) Deutsche Bank, 42) Dresdner Bank, 43) Exxon Mobile Corporation, 44) Fluor Corporation, 45) Fujitsu ICL, 46) General

a resident of Nigeria, seeks redress "for what happend [sic] to my descendant [sic] and families through the institution of Apartheid in South Africa and its environments." (Doc. 1, p. 4). Plaintiff apparently claims that he is a descendant of the Prophet of Islam, Muhammad, and is directly related to those descendants of the prophet, some eighty-three families, who fled Mecca for various locales in Africa. (Doc. 1, p. 5).

Plaintiff, as a resident of Nigeria, seeks to bring his claims under the Alien Tort Statute[2] ("ATS"), 28 U.S.C. § 1350, and "Article 16 of the Convention and Protocol Relating to the Status of Refugees." (Doc. 1, p. 5). The ATS states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The ATS is jurisdictional in nature and "provides a cause of action 'for a modest number of international law violations with a potential for personal liability at the time [of its enactment].'" *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (*quoting Sosa v. Alvarez-Machain*, 542 U.S. 692, 723-24 (2004)); *see also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

As an initial matter, the court must examine whether plaintiff has the requisite

---

Motors, 47) International Business Machines, 48) J.P. Morgan Chase, 49) Marconi Communications, 50) Marconi Communications, 51) Rheinmetall AG, 52) Royal Dutch Shell PLC, 53) Total Fina-Elf, 54) Thomson-CSF radio, 55) UBS AG, and 56) Prime Minister of India Dr. Manmohan Singh, (Doc. 1, pp. 1-3).

[2] ATS is often referred to as the Alien Tort Claims Act ("ATCA"). *See In re Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, 792 F. Supp. 2d 1301, 1311 (S.D. Fla. 2011).

jurisdiction needed to bring his claim. *See, e.g., Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). In *Kiobel v. Royal Dutch Petroleum Co.*, the United States Supreme Court held that the "presumption against extraterritoriality applies to claims under the ATS" and because nothing in the ATS rebuts that assumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred." No. 10-1491, slip op. at 14 (April 17, 2013).[3] The court further noted that to overcome the presumption against extraterritoriality applicable to claims brought under the ATS, one would need to show that "the claims touch and concern the territory of the United States" and that the claims do so "with sufficient force to displace the presumption against extraterritorial application." *Kiobel*, No. 10-1491, slip op. at 14. In *Kiobel*, Nigerian nationals residing in the United States sued, under the ATS, various Dutch, British, and Nigerian corporations premised on the theory that these corporations "aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria." No. 10-1491, slip op. at 1. Here, plaintiff seeks to

---

[3] While the full extent of the impact that the *Kiobel* decision will have on future ATS claims remains unclear, the majority in *Kiobel* (and for that matter the court unanimously overall) clearly sought to restrain, to a significant degree, the ability of individuals to bring ATS claims for tortious conduct occurring entirely outside of the United States. No. 10-1491, slip op. at 14-15 (Breyer., J., concurring) (disagreeing with the majority opinion's reliance on the presumption against extraterritoriality, but holding, "[t]he plaintiffs are not United States nationals but nationals of other nations. And the plaintiffs allege, not that the defendants directly engaged in acts of torture, genocide, or the equivalent, but that they helped others (who are not American nationals) to do so . . . . [I]t would be far fetched to believe, based solely upon the defendants' minimal and indirect American presence, that this legal action helps vindicate a distinct American interest, such as not providing a safe harbor for an 'enemy of all mankind.' Thus I agree with the Court that here it would 'reach too far to say' that such 'mere corporate presence suffices.'").

sue various corporations and heads of state presumably under a similar theory of aiding and abetting the South African government in maintaining apartheid. In light of *Kiobel*, the ATS cannot confer subject-matter jurisdiction onto plaintiff's claims because the violations at issue all occurred outside of the United States, and the South African apartheid does not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality.

Moreover, plaintiff's claims are barred on statute of limitations and standing grounds. "'The [ATS] and [Torture Victims Protection Act] share the same ten-year statute of limitations.'" *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005) (*quoting Arce, et al. v. Garcia*, 400 F.3d 1340 (11th Cir.2005), *vacated on other grounds by* 434 F.3d 1254 (11th Cir. 2006)). Plaintiff's complaint, filed on April 8, 2013, is outside the ten-year statute of limitations period.[4] Plaintiff does not plead or indicate any possible reasons for tolling of the statute of limitations.

In addition, plaintiff lacks standing to bring these claims. Plaintiff seeks to bring his claims on behalf of individuals to whom he is not directly related, and apparently, doesn't even know personally. Instead, plaintiff claims relation to those individuals harmed by apartheid because they are common descendants of the prophet Muhammad. (Doc. 1, pp. 4-5). He seeks relief for "my Families" for acts of torture committed under apartheid. The "relation," based solely upon a purported migration

---

[4] According to BBC News, South Africa repealed its apartheid laws in 1991 and elected Nelson Mandela, the African resistance leader, president in 1994. *See* http://www.bbc.co.uk/news/world-africa-14094918. Plaintiff admits as much in his complaint. (Doc. 1, p. 14, 16).

of the seventh century[5], is not sufficient for third party standing. *See Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1042 (11th Cir. 2008) (noting that in order to bring a claim on behalf of a third party, the litigant must "have suffered an 'injury-in-fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.").

Plaintiff has filed similar suits under the ATS throughout various districts in the United States. *See Ahmed-Al-Khalifa v. Ecowas Court of Justice*, Case No. 1:13cv01380 (N.D. Ill. 2013) (dismissing plaintiff's complaint against the Ecowas Court of Justice as lacking subject matter jurisdiction under the ATS and failing to state a claim under the Torture Victim's Protection Act ("TVPA")); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, Case No. 1:13cv01381 (N.D. Ill. 2013) (dismissing plaintiff's complaint under the ATS as frivolous and failure to show a violation of an international norm required under the ATS); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, Case No. 1:13cv142/RWS (N.D. Ga. 2013) (dismissing plaintiff's complaint as meritless); *Ahmed-Al-Khalifa v. Jordan, et al.*, Case No. 3:13cv276/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims brought under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law Reform*, Case No. 3:13cv272/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa*

---

[5] According to the complaint the migration of the eighty three families began in 615, following persecution at the hands of "rich merchants who dominated Mecca." (Doc. 1, p. 5).

*v. Kingdom of Spain*, Case No. 3:13cv271/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, Case No. 1:12cv10288 (N.D. Ill. 2012) (dismissing plaintiff's complaint as lacking subject-matter jurisdiction and failure to implicate a violation of the law of nations or any U.S. treaty). He seems to be seeking a forum that will allow these frivolous and meritless complaints to go forward. Success in that regard appears unlikely.

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's complaint (doc. 1) be DISMISSED WITH PREJUDICE, as this court lacks subject matter jurisdiction, and the claims are barred on statute of limitations and standing grounds.

2. Plaintiff's motion for *in forma pauperis* (doc. 2) be DENIED.

3. Plaintiff's motion to appoint counsel be DENIED as MOOT.

At Pensacola, Florida this 19th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).